UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RONALD T. ALSUP, M.D.                      CIVIL ACTION NO. 06-0558

versus                                                  JUDGE WALTER

UNUM PROVIDENT CORPORATION,
ET AL.                                                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Ronald Alsup. M.D. ("Plaintiff") filed this suit in state court for disability benefits under a policy issued by Unum Provident or its predecessors. Defendants removed the case based on an assertion that Plaintiff's claims are completely preempted by ERISA because the disability policy under which Plaintiff claims benefits is governed by ERISA. They contend that the policy is part of an employee welfare benefits plan established by Plaintiff's employer, Tri-State Medical Clinic.

Plaintiff filed a motion to remand on the grounds that the policy is not governed by ERISA. He asserts that the policy was purchased and owned by him, individually, and that he personally paid all premiums since the inception of the policy in 1984. Plaintiff's supporting affidavits were rather conclusory and did not contain details on how the premiums were paid or the other arrangements surrounding the policy.

Defendants responded with copies of the policy and an affidavit. They urged that the policy is governed by ERISA, that Tri-State paid all premiums pursuant to a Salary Allotment Agreement, and that Plaintiff obtained a discount on his premiums that he would not have been able to obtain had he purchased the insurance on his own.

After reviewing the initial submissions, the undersigned noted the lack of factual detail in the record and apparent conflicts in the evidence. The partied were offered the opportunity to file supplemental memoranda supported by affidavits or other evidence that set forth as much detail as they cared to offer about the policy, the payment of premiums and other relevant facts. The undersigned also noted that there have been a number of reported decisions concerning policy arrangements that sound similar to the arrangement asserted by Defendants, and some of the decisions have arisen from policies issued by UNUM Provident or its predecessors.

Whether the facts in a given case result in a policy falling within the ERISA safe harbor provision or, if it does not, being governed by ERISA are decisions that have required a detailed examination of the relevant facts. A number of salary allotment or "list billing" premium payment systems have been examined. Not all of them were alike, and not all of them met with the same results. See, e.g., Vincent v. UNUM Provident Corporation, 2005 WL 1074370 (E. D. Tenn. 2005); Schwartz v. Provident Life & Accident Ins. Co., 280 F.Supp. 2d 937 (D. Ariz. 2003); Jaffe v. Provident Life & Accident Ins. Co., 2000 WL 349750 (S. D. Fla. 2000); Stern v. Provident Life & Accident Ins. Co., 295 F.Supp.2d 1321 (M. D. Fla. 2003); and Provident Life & Accident Co. v. Sharpless, 253 F.Supp.2d 874 (M. D. La. 2003), affirmed, 364 F.3d 634 (5th Cir. 2004).

Advised of the need for additional facts, the parties submitted supplements at Docs. 26, 27, 28 and 31. Despite the supplemental material, there remain conflicts and gaps in the

relevant facts. For example, Plaintiff testifies that he purchased the policy individually, and he submits copies of checks from 1997 and later that indicate he paid the premiums from his personal checking account directly to the insurer. Plaintiff added that he did not have all of his checks dating back to the original purchase of the policy in 1986, but he testified that the checks reflected the manner of payment he had made since the purchase of the policy. To be clear, he testified: "All of the payments made for this policy were made by me personally." Plaintiff also submitted an unsworn letter from a CPA who stated that a review of the records for Tri-State Medical Clinic showed that the premiums for the individual policy at issue were not disbursed by the clinic.

On the other hand, Plaintiff's application for the original policy and applications for additional coverage include Plaintiff's representation that his employer would pay for all coverage with no portion of the premium to be included in Plaintiff's taxable income. And Unum Provident has submitted the affidavit of Ms. Frances Jenkins, a company official, who testifies that the 1986 policy was issued under a risk group established for the purpose of providing benefits to the employees of a predecessor to Tri-State. Ms. Jenkins testifies that there was a Salary Allotment Agreement by which the insurer agreed to accept less than its published premium rates in exchange for the clinic paying the premium for all employees. Plaintiff's policy includes a Salary Allotment Premium Payment provision which states that the insurer agrees to accept premiums billed to the employer and that the employee would be liable if the employer failed to make payment.

Ms. Jenkins refers to a document from 1979 (several years before Plaintiff's policy issued) that indicates the Tri-State's predecessor was billed for the premiums of several insured employees or physicians. She also testifies that Provident Life's records confirm group payments "at least from September 1994 through a portion of 1997." She adds that company records "confirm group billings and group payments prior to 1994, although Provident does not maintain each and every billing record prior to 1994, but does maintain records confirming group billings and payments." Ms. Jenkins does not attempt to explain why Plaintiff would have been making individual payments in 1997, as indicated by his checking account records, and Defendants have not tendered any actual company records that show that Plaintiff's premiums were included in any group billing prior to 1997 or at any other time. If Plaintiff's testimony is correct, there should be no such records because he was paying the premiums, with checks written on his personal checking account, directly to the insurer.

The Fifth Circuit directs that the court must make two inquiries in a contest over whether a policy is governed by ERISA. First, it must apply the safe-harbor provision of the ERISA regulations. If the plan does not qualify for exemption under the safe-harbor provision, the court must then decide whether the plan or policy at issue is otherwise an employee welfare benefit plan covered by ERISA. Gahn v. Allstate, 926 F.2d 1449, 1452 (5th Cir. 1991). In Gahn, the insurer removed a case based on an assertion that the plaintiff's claim was completely preempted by ERISA. The district court granted summary judgment

for the insurer, but the Fifth Circuit reversed and remanded "because the record does not contain the specific findings of fact that we need to apply these two tests." Gahn, 926 F.2d at 1452. The court remanded the case for the district court to make the factual findings that were necessary to properly decide the application of ERISA.

The **Motion to Remand (Doc. 17)** is **denied**, **without prejudice**, based on the current record and the genuine issues of material fact that cannot be resolved on the paper record. A decision of the factual and legal issues posed by the motion, which issues are potentially case dispositive, may properly be rendered only after a bench trial on whether the policy at issue is governed by ERISA. The trial is necessary to permit the factfinder to assess the credibility of the witnesses, weigh the conflicting evidence, and make the detailed factual findings required to answer the questions posed by Ghan. If the facts show that the policy is not governed by ERISA, a remand will be in order in the absence of any other basis for the exercise of subject matter jurisdiction. If the district judge decides that the policy is governed by ERISA, the court may then issue a scheduling order aimed at presenting the court with the relevant administrative record and briefs on the merits of the disability benefits claim. An example of such a scheduling order can be seen in Crawford v. Bank One, 04 CV 0396.

The parties are hereby granted leave to conduct discovery relevant to whether the policy is governed by ERISA. No discovery is permitted at this time with respect to the underlying disability claim, but the parties are encouraged to attempt to agree on the

documents that make up the administrative record surrounding that claim. That effort will save time in the event the case is found to be governed by ERISA and briefing of the merits is necessary. A scheduling order setting a bench trial (and related deadlines) on the issue of whether the policy is governed by ERISA will be issued in due course.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 4th day of October, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE