RECEIVED

SEP 17 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RONALD T. ALSUP, M.D. | CIVIL ACTION NO. 06-0558 |
| VERSUS | JUDGE DONALD WALTER |
| UNUM PROVIDENT CORPORATION, REDSTONE SECURITY AGENCY INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM OPINION

Before this Court is an action for a Ruling on the Merits. *See* Record Documents 61 and 64. For the reasons set forth below, this Court dismisses this action without prejudice until the Plaintiff exhausts his administrative remedies.

### I. Background

The procedural and factual background of this case was thoroughly laid out in a Memorandum Ruling dated January 9, 2009 (Rec. Doc. 59). As such, this Court does not feel that a restatement of the facts is necessary

According to the Memorandum Ruling, the Long-Term Disability Plan provided by Unum Provident Corporation ("Unum") is an "employee welfare benefit plan" as defined by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1001-1461.[1] Unum

---

[1] An employee welfare benefit plan is "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, death, or unemployment . . . ." 29 U.S.C. § 1002(1).

1

is the claim administrator for the plan.

The Unum Long-Term Disability plan defines "total disability" and "residual disability" as follows:

> Total Disability means that due to Injuries or Sickness:
> 1. you are not able to perform the substantial and material duties of your occupation; and
> 2. you are under the care and attendance of a Physician.
>
> your occupation means the occupation (or occupations, if more than one) in which you are regularly engaged at the time you became disabled.
>
> Residual Disability or residually disabled, during the Elimination Period, means that due to Injuries or Sickness:
> 1. you are not able to do one or more of your substantial and material daily business duties or you are not able to do your usual daily business duties for as much time as it would normally take you to do them;
> 2. you have a Loss of Monthly Income in your occupation of at least 20%; and
> 3. You are under the care and attendance of a Physician.

*See* Rec. Doc. 62, p. 13, 16.

In order to claim benefits under the policy, the claimant must satisfy the following conditions:

> NOTICE OF CLAIM
> Written notice of claim must be given within 20 days after a covered loss starts or as soon as reasonably possible. The notice can be given to us at our home office, Chattanooga, Tennessee, or to our agent. Notice should include your name and the policy number.
>
> CLAIM FORMS
> When we receive your notice of claim, we will send you forms for filing proof of loss. If these forms are not given to you within 15 days, you will meet the proof of loss requirements by giving us a written statement of the nature and extent of your loss within the time limit stated in the Proofs of Loss section.

2

PROOFS OF LOSS
If the policy provides for periodic payment for a continuing loss, you must give us written proof of loss within 90 days after the end of each period for which we are liable. For any other loss, written proof must be given within 90 days after such loss.

If it was not reasonably possible for you to give written proof in the time required, we will not reduce or deny the claim for this reason if the proof is filed as soon as reasonably possible. In any event, the proof required must be given no later than one year from the time specified unless you were legally incapacitated.

*See* Rec. Doc. 62, p. 21.

On July 27, 2005, Alsup, through his attorney, contacted Unum to claim disability benefits under the Long-Term Disability Plan that Alsup purchased from them in July 1986. Rec. Doc. 63, p. 107. In correspondence dated April 7, 2006, Unum suspended their review of Alsup's claim for lack of required documentation. See Rec. Doc. 62, p. 7.

## II. Standard of Review

This Court has determined that the Long-Term Disability Plan is an employee welfare benefit plan governed by ERISA. Generally, a denial of benefits under an ERISA plan is reviewed under a *de novo* standard. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948, 956 (1989). However, the court applies an abuse-of-discretion standard when "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 115, 109 S. Ct. at 956-57. Abuse-of-discretion is the appropriate standard of review in this case.

In reviewing for abuse of discretion, the court must consider whether the decision was arbitrary or capricious. *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 601 (5th Cir. 1994).

3

A decision is arbitrary or capricious only if "made without a rational connection between the known facts and the decision or between the found facts and the evidence." *Meditrust Fin. Servs. Corp. v. Sterling Chemicals, Inc.*, 168 F.3d 211, 215 (5th Cir. 1999) (quoting *Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 828-29 (5th Cir. 1996)). When determining whether the plan administrator's determination was an abuse of discretion, the court's review is confined to the record available to the administrator at the time the claim was denied. *Id.*

Utilizing this standard of review, the court can reverse the plan administrator's decision only in the absence of substantial evidence to support a plan administrator's decision. "Substantial evidence" is defined as "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Weary v. Astrue*, 2008 WL 3820989, 4 (5th Cir. 2008) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

In order for a court to review a decision of a plan administrator, the Plaintiff must first exhaust all administrative remedies. As commentators and several circuits have all made clear

> [t]here is no exhaustion requirement articulated in the statute or the Regulations, but the courts have developed the rule requiring, with few and limited exceptions, the exhaustion of these internal claims procedures as a precondition for the institution of a civil action for benefits . . . courts have adopted the rule that such procedures must be exhausted unless such procedures are inadequate, do not exist or their exercise would be futile.

2 ERISA PRACTICE AND PROCEDURE § 8:19 (2009). The Fifth Circuit has adopted the exhaustion requirement ("[W]e adopted the common law rule that a plaintiff generally must exhaust administrative remedies afforded by an ERISA plan before suing to obtain benefits wrongly denied. *Denton v. First National Bank*, 765 F.2d 1295, 1300-03 (5th Cir. 1985)") *Chailland v. Brown and Root, Inc.*, 45 F.3d 947, 950 (5th Cir. 1995).

4

As the Fifth Circuit has repeated often, a claimant is forced to follow the administrative process when "the plan is capable of providing the relief sought by the plaintiff." *Wilson v. Kimberly-Clark Corp.*, 254 F. App'x. 280, 285 (5th Cir. 2007). The Fifth Circuit has taken this one step further to require that "[a] claimant who is denied benefits under an ERISA plan must exhaust all administrative remedies afforded by the plan before instituting litigation for recovery of benefits." *Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 256 (5th Cir. 2005). Therefore, before a court can turn to the merits of an ERISA claim, the Plaintiff must have exhausted all of the administrative remedies offered by their plan.

### III. Analysis

Turning to the facts at hand, this Court cannot proceed to an analysis of the merits of Alsup's claim. From the record, it appears that Alsup has a number of administrative remedies available to him. In fact, the record reveals that Unum has conceded that Alsup has a medical condition that has disabled him ("'based upon the medical information that you provided in conjunction with medical records obtained independently, we have come to the conclusion that there is support for restrictions and limitations that may hinder Dr. Alsup's ability to work in his own occupation; however, it is our understanding that Dr. Alsup has continued to work in his own occupation . . . .'"). Rec. Doc. 62, p. 4.

The administrative record reveals that Alsup has failed to provide them with information to determine the extent of his disability on his earning capacity. The record further reveals that Unum did not actually deny plaintiff's claim. On the contrary in their last correspondence they stated "we are suspending our handling of Dr. Alsup's claim until such time as the requested information is provided." Rec. Doc. 62, p. 5. Unum gave the plaintiff 180 days more to submit the required

paperwork. In addition, if Alsup was not pleased with Unum's decision, he was informed of an appeal process and how to file an appeal. The record is bereft of any such appeal. Rec. Doc. 62, p. 5.

As the Fifth Circuit has made clear on numerous occasions a Plaintiff must exhaust administrative remedies before seeking court intervention. There is a generally accepted exception to this requirement and this occurs when the procedures do not exist, are inadequate or would prove to be futile. This Court is not satisfied that the available administrative procedures are inadequate or futile.

### IV. CONCLUSION

Therefore, it is ordered that this action is **DISMISSED WITHOUT PREJUDICE** until the Plaintiff exhausts all administrative remedies available to him.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this _17_ day of September, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE